Peter C. McKittrick, OSB #852816
pmckittrick@fwwlaw.com
Christopher L. Parnell, OSB #054352
cparnell@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044

    Attorneys for Conrad Myers, Chapter 11 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>The Marshall Group, LLC,<br><br>            Debtor. | Case No. 08-34585-rld11 |
| Conrad Myers, Chapter 11 Trustee for The Marshall Group LLC,<br><br>            Plaintiff,<br><br>            v.<br><br>Mark Marshall and David Mazzocco,<br><br>            Defendants. | Adversary Proceeding<br>Case No. 09-03294<br><br>COMPLAINT<br><br>(Declaratory Judgment) |

Conrad Myers, Trustee ("Trustee"), by and through his attorneys, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.

This court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409.

Page 1 of 8 - COMPLAINT
H:\Client\Myersc\33286\Myers v. Marshall AP\AP Complaint.v4.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**PARTIES**

2.

On September 4, 2008 (the "Petition Date"), The Marshall Group LLC ("Debtor" or "Marshall Group") filed a petition for relief under Chapter 11 of Title 11, United States Code.

3.

Trustee was appointed as Chapter 11 Trustee for Debtor on May 8, 2009.

4.

Defendant Mark Marshall ("Marshall") is an Oregon resident.

5.

Defendant David Mazzocco ("Mazzocco") is a California resident.

**FACTUAL ALLEGATIONS**

6.

Debtor is the surviving entity of a roll-up consolidation agreement dated July 31, 2008 ("Roll-Up Agreement"). A copy of the Roll-Up Agreement is attached as Exhibit 1.

7.

Debtor or its predecessor entities is a developer/owner of commercial property and operates urgent care medical centers in McMinnville and Redmond, Oregon.

**(Ownership of Redmond Property)**

8.

Marshall Redmond, LLC ("Marshall Redmond") was formed as an Oregon limited liability company. The Marshall Redmond Operating Agreement indicates that the sole member of Marshall Redmond was Marshall Properties, LLC ("Marshall Properties"). Under the Roll-Up Agreement, Marshall Properties was merged into Debtor.

9.

On May 21, 2002, the property located at 3818 SW 21st Street, Redmond, Oregon ("Redmond Property") was purchased by Mark and Cathy Jo Marshall for the sum of

Page 2 of 8 - COMPLAINT
H:\Client\Myersc\33286\Myers v. Marshall AP\AP Complaint.v4.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  $482,205.00. On July 29, 2005, the Redmond Property was conveyed by Mark and Cathy Jo
2  Marshall to Marshall Redmond.

3                                              10.

4         Also on July 29, 2005, a warranty deed was executed allegedly conveying the
5  Redmond Property from Marshall Redmond to Mazzocco. A copy of the warranty deed is
6  attached as Exhibit 2.

7                                              11.

8         In the arbitration proceeding of *Keeton-King Construction, Inc. v. Marshall*, No.
9  75110Y 00320 08 MOMA ("Arbitration Proceeding") Marshall signed and tendered to the
10 arbitrators a sworn declaration dated June 25, 2009, indicating that the transaction between
11 Mazzocco and Marshall Redmond was simply a financing transaction and that title to the
12 Redmond Property continued to be held equitably in Marshall Redmond. Mazzocco indicated
13 the same in a deposition conducted on May 20, 2009. As such, the bankruptcy estate is the sole
14 member of Marshall Redmond and therefore should control the ownership and leasing of the
15 Redmond Property. While not an ownership interest, Trustee acknowledges that Mazzocco has
16 an equitable lien in the Redmond Property inferior to the secured lender.

17                        **(Purported "Master Lease" Agreement)**

18                                              12.

19        Since July 29, 2005, a series of leases have been generated regarding the
20 Redmond Property, including a "master lease" that purports to show Marshall as the master
21 tenant and Mazzocco as the master landlord. The "master lease" was dated August 1, 2005 and
22 expired July 31, 2007.

23                                              13.

24        After the "master lease" was purportedly entered into, an employee of Mazzocco,
25 a Ms. Betty Surratt, mailed letters to tenants at the Redmond Property on or about October 14,
26 2007, demanding that rent be paid directly to Mazzocco. Based upon the Trustee's investigation,

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  no rent was ever paid under a master lease agreement from Marshall to Mazzocco. On
2  information and belief, there were other purported lease documents that appear to be inconsistent
3  with the existence of a master lease.

4  14.

5  Neither the "master lease" nor any amendments, renewals, or subsequent leases
6  purported to be of the same nature were listed in the bankruptcy schedules. If Marshall Group
7  had an obligation to pay rent to Marshall under the master lease, no rent had ever been paid and
8  that executory contract should have been listed in the bankruptcy schedules. If the master lease
9  had been in effect, Mazzocco would be a creditor of Marshall and not of the bankruptcy estate.

10 **(Redmond Property Rent Agreement)**

11 15.

12 At the time the Trustee was appointed in this bankruptcy proceeding, Marshall
13 and his representatives represented to the Trustee that there was an informal arrangement in
14 effect with Mazzocco which provided that Marshall Group was to pay utilities and insurance and
15 take care of maintenance of the Redmond Property and the Lincoln City property in lieu of rent.
16 Trustee has in fact paid utilities and insurance at both property and has paid for landscaping at
17 the Redmond Property pursuant to said arrangement, in lieu of paying rent for the Redmond
18 Property.

19 16.

20 Subsequent to the initial representations made to the Trustee that Mazzocco was
21 the estate's landlord and had agreed to the informal rent arrangements described above, Marshall
22 and his representative then asserted that after reviewing the facts and circumstances, the
23 Redmond Property was in fact never actually transferred to Mazzocco, but rather the deed that
24 was delivered to Mazzocco and recorded was actually intended as security.

25 \\\
26 \\\

Page 4 of 8 - COMPLAINT
H:\Client\Myersc\33286\Myers v. Marshall AP\AP Complaint.v4.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

17.

Trustee will pay fair market rent on the Redmond Property (net of amounts paid for utilities, insurance and landscaping) into a segregated bank account pending resolution of this adversary proceeding.

**(Mazzocco Is Alter Ego of Marshall)**

18.

Mazzocco and Marshall appear to have a close relationship. Mazzocco is 87 years old. The Trustee believes that Mazzocco may lack the ability to make business decisions independent of Marshall. Trustee further asserts that Marshall is currently influencing the financial affairs of Mazzocco for his own personal benefit, and that Mazzocco is merely the alter ego of Marshall with respect to all aspects of the Redmond Property.

19.

At the close of escrow between Mazzocco and Marshall Redmond on July 29, 2005, the sum of $1,208,250.59 was distributed on account of seller. Trustee has not located any evidence showing that Marshall Redmond or Marshall Group received the sale proceeds, and to the contrary has information that the funds were distributed directly to Marshall or paid on account of Marshall's personal loans outstanding to third party lenders. Trustee believes that Marshall personally benefited from the sale.

**(McMinnville Property Rent Owed By Marshall)**

20.

Debtor's bankruptcy estate owns real property located in McMinnville, Oregon. The real property houses an immediate care center operated by the estate. It also houses the State Farm insurance agency owned and operated by Marshall. Although a lease was entered into between Marshall and the Marshall Group, Marshall has disavowed this lease and has never paid rent. The Trustee requested that Marshall commence making rent and made a proposal for a rental rate that the Trustee believed was reasonable under the current market conditions.

Page 5 of 8 - COMPLAINT
H:\Client\Myersc\33286\Myers v. Marshall AP\AP Complaint.v4.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

21.

Marshall refused to pay rent to Trustee and in turn, orchestrated a demand through Mazzocco that the estate commence paying rent in an exorbitant sum for its continued occupancy at the Redmond Property, and back to the commencement of the Trusteeship. Marshall's demand made through Mazzocco is intended to result in Marshall not being required to pay rent to estate for use of the McMinnville facility.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment)**

22.

Trustee realleges paragraphs 1 through 21 as if fully set forth herein.

23.

Trustee is entitled to a declaratory judgment as to all defendants as follows:

    A.    Marshall Group is the equitable owner of and shall control all aspects of the Redmond Property, including leasing;

    B.    Marshall and Mazzocco are judicially estopped from alleging that Mazzocco is the owner of the Redmond Property;

    C.    Mazzocco has an equitable lien in the Redmond Property inferior to the secured lender;

    D.    The alleged "Master Lease" agreement dated August 1, 2005, and any amendments, renewals or subsequent leases purported to be of the same nature are unenforceable;

    E.    In the alternative, to the extent the Court finds Mazzocco is the owner of the Redmond Property, Marshall Group may continue occupancy by doing one of the following:

        i.    Trustee will pay utilities and landscaping expenses for the Redmond Property in lieu of rent, per the current agreement between Marshall and Mazzocco; or

Page 6 of 8 - COMPLAINT
H:\Client\Myersc\33286\Myers v. Marshall AP\AP Complaint.v4.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1            ii.    In the alternative, Trustee will agree to pay a reasonable fair market rent determined by the Court, and such payment shall be made not to Marshall but to Mazzocco directly.

          WHEREFORE, Trustee prays for judgment as follows:

          1.    On the first claim for relief, for a declaratory judgment against all defendants as follows:

          A.    Marshall Group is the equitable owner of and shall control all aspects of the Redmond Property, including leasing;

          B.    Marshall and Mazzocco are judicially estopped from alleging that Mazzocco is the owner of the Redmond Property;

          C.    Mazzocco has an equitable lien in the Redmond Property inferior to the secured lender;

          D.    The alleged "Master Lease" agreement dated August 1, 2005, and any amendments, renewals or subsequent leases purported to be of the same nature are unenforceable;

          E.    In the alternative, to the extent the Court finds Mazzocco is the owner of the Redmond Property, Marshall Group may continue occupancy by doing one of the following:

          i.    Trustee will pay utilities and landscaping expenses for the Redmond Property in lieu of rent, per the current agreement between Marshall and Mazzocco; or

          ii.    In the alternative, Trustee will agree to pay a reasonable fair market rent determined by the Court, and such payment shall be made not to Marshall but to Mazzocco directly.

\\\

\\\

\\\

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 09-03294-rld    Doc 1    Filed 09/15/09

1     2.     A judgment for Trustee's costs and disbursements incurred herein;

2 and

3     3.     For such other and further relief as the court may deem just and

4 equitable.

5     Dated: September 15, 2009.

FARLEIGH WADA WITT

By: /s/ Peter C. McKittrick
    Peter C. McKittrick, OSB #852816
    pmckittrick@fwwlaw.com
    Christopher L. Parnell, OSB #054352
    cparnell@fwwlaw.com
    (503) 228-6044
    Of Attorneys for Plaintiff Conrad Myers,
    Chapter 11 Trustee

Page 8 of 8 - COMPLAINT
H:\Client\Myersc\33286\Myers v. Marshall AP\AP Complaint.v4.doc

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

ROLL-UP CONSOLIDATION AGREEMENT

The parties to this Roll-Up Consolidation Agreement ("Agreement") are The Marshall Group, LLC ("TMG"), Marshall Medical, LLC ("MM"), Lincoln City Immediate Health Care, LLC ("LCIC"), Redmond Immediate Health Care, LLC ("RIC"), McMinnville Immediate Health Care, LLC ("MIC"), Marshall Properties, LLC ("MP"), Marshall McMinnville, LLC ("MMc"), and M & CJ, LLC ("M&CJ"), collectively the "Entities."

RECITALS

A. TMG is the sole member of MM, MP, and M&CJ.

B. MM is the sole member of LCIC, RIC and MIC.

C. MP is the sole member of MMc.

D. In order to reduce paperwork and duplication of tasks, simplify accounting and other bookkeeping, take advantage of economies of scale and generally enhance the efficiency of the operations of the Entities, the members desire to combine and roll-up the Entities into TMG as the sole remaining entity ("Remaining Entity").

NOW, THEREFORE, in consideration of the mutual promises contained this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each and all of the Entities and the Marshalls agree as follows:

1. <u>Asset Transfers and Dissolutions</u>. The following events shall occur in the following order:

    1.1 <u>Transfer of Assets to Marshall Medical, LLC.</u> The assets and liabilities of LCIC, RIC and MIC will be transferred to MM, and LCIC, RIC and MIC will be dissolved.

    1.2 <u>Transfer of Assets to Marshall Properties, LLC.</u> The assets and liabilities of MMc will be distributed to MP, and MMc will be dissolved.

    1.3 <u>Transfer of Assets to The Marshall Group, LLC.</u> The assets and liabilities of MM, MP and M&CJ will be distributed to TMG, and MM, MP and M&CJ will be dissolved.

2. <u>Remaining Entity</u>. As a result, all assets of the Entities will be owned by the Remaining Entity subject to all liabilities of the dissolved Entities.

Keefon0551

ROLL-UP CONSOLIDATION AGREEMENT
Page 1 of 5

U:\AML\Marshall\RollUp Agmt.cln.doc



EXHIBIT \_\_\_
PAGE \_\_\_ OF 5

3. Resolutions. Each and all of the Entities shall adopt resolutions by their respective members authorizing the transfer of its assets and its dissolution as provided in this Agreement.

4. Representations. Each Entity represents that its members have the authority to enter into this Agreement and to carry out the Entity's obligations under this Agreement, including without limitation, the transfer of assets and dissolution of the Entity.

5. Binding Effect. This Agreement will be binding on and inure to the benefit of the parties and their respective heirs, personal representatives, successors, and permitted assigns.

6. Assignment. Neither this Agreement nor any of the rights, interests, or obligations under this Agreement may be assigned by any party without the prior written consent of the other parties, which consent may be withheld in the other party's sole discretion.

7. No Third-Party Beneficiaries. Nothing in this Agreement, express or implied, is intended or will be construed to confer on any entity or person, other than the parties to this Agreement, any right, remedy, or claim under or with respect to this Agreement.

8. Amendments. This Agreement may be amended only by an instrument in writing executed by all the parties, which writing must refer to this Agreement.

9. Further Assurances. Each party agrees (a) to execute and deliver such other documents and (b) to do and perform such other acts and things, as any other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

10. Governing Law. This Agreement will be governed by and construed in accordance with the laws of the state of Oregon, without regard to conflict-of-laws principles.

11. Attorney Fees. If any arbitration, suit, or action is instituted to interpret or enforce the provisions of this Agreement, to rescind this Agreement, or otherwise with respect to the subject matter of this Agreement, the party prevailing on an issue will be entitled to recover with respect to such issue, in addition to costs, reasonable attorney fees incurred in the preparation, prosecution, or defense of such arbitration, suit, or action as determined by the arbitrator or trial court, and if any appeal is taken from such decision, reasonable attorney fees as determined on appeal.

12. Injunctive and Other Equitable Relief. The parties agree that the remedy at law for any breach or threatened breach by a party may, by its nature, be inadequate, and that the other parties will be entitled, in addition to damages, to a restraining order,

ROLL-UP CONSOLIDATION AGREEMENT
Page 2 of 5

Keeton0552
U:\AML\Marshall\RollUp Agmt.cln.doc

EXHIBIT 1
PAGE 2 OF 5

temporary and permanent injunctive relief, specific performance, and other appropriate equitable relief, without showing or proving that any monetary damage has been sustained.

13.  Entire Agreement. This Agreement (including the documents and instruments referred to in this Agreement) constitutes the entire agreement and understanding of the parties with respect to the subject matter of this Agreement and supersedes all prior understandings and agreements, whether written or oral, among the parties with respect to such subject matter.

DATED this 31st day of July, 2008.

The Marshall Group, LLC, an
Oregon limited liability company

By: _____
Mark R. Marshall, Member

By: _____
Cathy Jo Marshall, Member

Marshall Medical, LLC, an
Oregon limited liability company

By: The Marshall Group, LLC
    its Sole Member
    By: _____
    Mark R. Marshall, Member

    By: _____
    Cathy Jo Marshall, Member

Marshall Properties, LLC, an
Oregon limited liability company

By: The Marshall Group, LLC
    its Sole Member
    By: _____
    Mark R. Marshall, Member

    By: _____
    Cathy Jo Marshall, Member

Keeton0553

ROLL-UP CONSOLIDATION AGREEMENT
Page 3 of 5

U:\AML\Marshall\RollUp Agrmt.cln.doc

EXHIBIT 1
PAGE 3 OF 5

M & CJ, LLC, an Oregon limited
liability company

By:   The Marshall Group, LLC
      its Sole Member

      By: _____
          Mark R. Marshall, Member

      By: _____
          Cathy Jo Marshall, Member


Lincoln City Immediate Health Care, LLC,
an Oregon limited liability company

By:   Marshall Medical, LLC,
      its Sole Member

      By:   The Marshall Group, LLC,
            its Sole Member

            By: _____
                Mark R. Marshall, Member

            By: _____
                Cathy Jo Marshall, Member


Redmond Immediate Health Care, LLC,
an Oregon limited liability company

By:   Marshall Medical, LLC,
      its Sole Member

      By:   The Marshall Group, LLC,
            its Sole Member

            By: _____
                Mark R. Marshall, Member

            By: _____
                Cathy Jo Marshall, Member


Keeton0554

ROLL-UP CONSOLIDATION AGREEMENT
Page 4 of 5                                                U:\AML\Marshall\RollUp Agmt.oln.doc

EXHIBIT 1
PAGE 4 OF 5

McMinnville Immediate Health Care, LLC,
an Oregon limited liability company

By: Marshall Medical, LLC,
its Sole Member

    By: The Marshall Group, LLC,
    its Sole Member

    By: _/s/ Mark R. Marshall_
    Mark R. Marshall, Member

    By: _/s/ Cathy Jo Marshall_
    Cathy Jo Marshall, Member

Marshall McMinnville, LLC, an
Oregon limited liability company

By: Marshall Properties, LLC,
its Sole Member

    By: The Marshall Group, LLC,
    its Sole Member

    By: _/s/ Mark R. Marshall_
    Mark R. Marshall, Member

    By: _/s/ Cathy Jo Marshall_
    Cathy Jo Marshall, Member

ROLL-UP CONSOLIDATION AGREEMENT
Page 5 of 5

Keeton0555

U:\AML\Marshall\RollUp Agmt.cln.doc

EXHIBIT 1
PAGE 5 OF 5



```
                              DESCHUTES COUNTY OFFICIAL RECORDS    2005-49454
                              NANCY BLANKENSHIP, COUNTY CLERK
                                                                      $31.00
                              ||||||||||||||||||||||||||||||||||
                              00384271200500494540010017
                                                              07/29/2005 01:56:27 PM
                              D-D  Cnt=1  Stn=1  BECKEY
                              $5.00  $11.00  $10.00  $5.00
```

n\

After recording return to:
WESTERN TITLE & ESCROW COMPANY
1215 NE BAKER STREET - PO BOX 628
McMINNVILLE, OR 97128

Until a change is requested all tax statements
shall be sent to the following address:
DAVID E. MAZZOCCO
75-855 SARAZEN WAY
PALM DESERT, CA 9211-8931

## WARRANTY DEED -- STATUTORY FORM

MARSHALL REDMOND, LLC, AN OREGON LIMITED LIABILITY COMPANY, Grantor, conveys
and warrants to DAVID E. MAZZOCCO, Grantee, the following described real
property, free of encumbrances except as specifically set forth herein, to wit:

   Lot 1, FRANK'S LANDING, City of Redmond, Deschutes County, Oregon.

This property is free from encumbrances, EXCEPT: All those items of record, if
any, as of the date of this deed, including any real property taxes due, but
not yet payable.

The true consideration for this conveyance is $ 4,300,000.00, A PORTION OF WHICH
WAS PAID BY AN ACCOMMODATOR PURSUANT TO AN IRC SECTION 1031 TAX DEFERRED EXCHANGE.
THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN
THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND
REGULATIONS.  BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE
PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE
APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED
USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR
FOREST PRACTICES AS DEFINED IN ORS 30.930.

Dated this 15th day of July, 2005.

                              MARSHALL REDMOND, LLC
                                By:  MARSHALL PROPERTIES, LLC, MEMBER

                                     /s/ Mark R. Marshall
                                ─────────────────────────────────
                                By:  Mark R. Marshall, Member of the
                                Marshall Group, LLC, sole member of
                                Marshall Properties, LLC, as member of
                                Marshall Redmond, LLC

STATE OF OREGON, COUNTY OF YAMHILL ) SS.

This instrument was acknowledged before me on July 15th, 2005 by MARK R.
MARSHALL, MEMBER ACTING ON BEHALF OF MARSHALL GROUP, LLC, AN OREGON LIMITED
LIABILITY COMPANY, AS SOLE MEMBER OF THE MARSHALL PROPERTIES, LLC, AN OREGON
LIMITED LIABILITY COMPANY, AS MEMBER ACTING ON BEHALF OF MARSHALL REDMOND, LLC,
AN OREGON LIMITED LIABILITY COMPANY.

(Notary Public for Oregon)
My commission expires    6-9-09

TITLE NO.    40-0174105
ESCROW NO.   40-0174105

15-0050505

OFFICIAL SEAL
N J WIEBKE
NOTARY PUBLIC - OREGON
COMMISSION NO. 391892
MY COMMISSION EXPIRES JUNE 9, 2009

RECORDED BY:
WESTERN TITLE & ESCROW CO.

EXHIBIT 2
PAGE 1 OF 1